IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAVON WEBSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:19-cv-02488-TLP-tmp |
| v. ) | |
| ) | |
| GRADY PERRY, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION TO DISMISS,
ORDER OF DISMISSAL,
ORDER DENYING CERTIFICATE OF APPEALABILITY,
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Javon Webster[1] sued pro se under 28 U.S.C. § 2254. (ECF No. 1.) Later, Petitioner paid the filing fee (ECF No. 7), and the Court ordered Respondent Grady Perry to file the record and respond to the § 2254 Petition (ECF No. 9.) Respondent filed the relevant portions of the state court record, a motion to dismiss the habeas petition as time-barred, and a supporting memorandum. (ECF Nos. 12 & 13.) For all the reasons below, the Court **GRANTS** Respondent's motion to dismiss.

**TENNESSEE STATE COURT PROCEDURAL HISTORY**

A Shelby County jury found Petitioner guilty of murder in the perpetration of a felony (Case No. 99-03924) and attempted especially aggravated robbery (Case No. 99-03925). (*See*

---

[1] Webster is in state custody, Tennessee Department of Corrections ("TDOC") prisoner number 324893. Tennessee is housing him at the Hardeman County Correctional Facility in Whiteville, Tennessee.

ECF No. 12-2 at PageID 431.)[2] The trial court sentenced him to life imprisonment (*id.* at PageID 433), and the court entered those judgments in April 1999 (*id.* at PageID 436–37).

Petitioner timely appealed in 2000 (*id.* at PageID 445), and the Tennessee Court of Criminal Appeals ("TCCA") ruled that the trial court erred in merging the especially aggravated robbery conviction with the felony murder conviction, *see State v. Webster*, 81 S.W.3d 244, 252 (Tenn. Crim. App. 2002) (ECF No. 12-14). This means the trial court should have sentenced Petitioner separately on the two counts. So the TCCA affirmed the felony murder conviction, reinstated the attempted especially aggravated robbery conviction, and remanded for resentencing. *Id.* (ECF No. 12-15.) Petitioner applied for permission to appeal to the Tennessee Supreme Court ("TSC") (ECF No. 12-16), but the TSC denied permission to appeal (ECF No. 12-17.)

He then petitioned for post-conviction relief in 2002 (No. P-26682), on the two original indictments. (*See* ECF No. 12-18 at PageID 1395–96.) That court dismissed the petition as time-barred. (*Id.* at PageID 1396.)[3] He did not appeal. (*Id.*)

In 2002, the Court resentenced Petitioner in accordance with the TCCA's order and did not appeal after his resentencing. (*Id.*) In 2010, however, Petitioner filed pro se for a writ of certiorari based on the original indictments. (ECF No. 12-35.) The TCCA denied relief in

---

[2] These convictions were based on superseding indictments. (*See* ECF No. 12-2 at PageID 436–37; *see also*, ECF No. 13-1 at PageID 1691–92.) The State dismissed the original indictments, case Nos. 98-006715 and 98-06752, on March 15, 2000. (ECF No. 12-18 at PageID 1395–96.)

[3] Petitioner asserts that the dismissal of his post-conviction petition was improper because only a judgment, not an indictment, can be attached in a post-conviction petition. (*See* ECF No. 1 at PageID 58–62.) He argues that the Court should have recognized that his petition was a challenge to his convictions.

2

December 2010 (ECF No. 12-36), and the TSC denied permission to appeal in 2011 (ECF No. 12-38).

In 2015, Petitioner petitioned for post-conviction relief.  (ECF No. 12-18 at PageID 1294–1351.)  In May 2016, the Court dismissed the petition "as having been filed outside of the statute of limitations."  (*Id.* at PageID 1395–96.)  The TCAA affirmed the decision of the post-conviction court on appeal (ECF No. 12-23), and the TCCA denied Petitioner's petition for a rehearing in 2018 (ECF No. 12-25).  And in September 2018, the TSC denied permission to appeal.  (ECF No. 12-28.)

Petitioner petitioned for a writ of certiorari in the TCCA (ECF No. 12-29), which the TCCA denied in March 2017 (ECF No. 12-30).

## ANALYSIS

Respondent argues that the Court should dismiss the § 2254 Petition as time-barred, and Petitioner is not entitled to equitable tolling.  (ECF No. 13-1 at PageID 1693–96.)  Respondent notes that Petitioner admits that his petition is time-barred.  (*Id.* at PageID 1693; *see* ECF No. 1 at PageID 4, 6.)  Petitioner asserts, however, that he filed the petition fifteen years after the expiration of the statute of limitations because, despite his diligence, he received notification of the dismissal of his post-conviction petition over a year later.  (*Id.* at PageID 6–9.)

**I.      Timeliness of Petition**

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Twenty-eight U.S.C. § 2244(d) provides:

3

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
>   >   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>   >
>   >   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   >
>   >   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>   >
>   >   (D) the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

State convictions ordinarily become "final" under § 2241(d)(1)(A) when the time expires for petitioning for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Fla.*, 549 U.S. 327, 333 (2002)); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). Here, the TCCA issued its decision on direct appeal on February 7, 2002, and the TSC denied permission to appeal on July 1, 2002. Petitioner's convictions thus became final on the last date for petitioning for a writ of certiorari with the United States Supreme Court, on September 30, 2002,[4] at which time the

---

[4] Because the ninetieth day fell on Sunday, Petitioner had until the next business day to file his petition. Sup. Ct. R. 30.1.

running of the limitations period started. The statute of limitation expired one year later on September 30, 2003.

The limitations period was not tolled under 28 U.S.C. § 2244(d)(2) because Petitioner's post-conviction petition filed in 2002 did not relate to the indictments which led to his conviction. The statute of limitations for filing a federal habeas petition had expired by the time Petitioner filed his petition for post-conviction relief in December 2015. There was no existing limitations period to toll based on that filing.

Petitioner did not file his § 2254 Petition until 2019, more than 15 years after the statute of limitations had expired. Petitioner's petition was, therefore, untimely filed.

## II.     Equitable Tolling

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds as recognized in Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012). The § 2254 limitations period is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–49 (2010). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner asserts that he is entitled to equitable tolling because he was and continues to be diligent in the pursuit of his rights. (ECF No. 1 at PageID 4.) He also asserts that exceptional circumstances prevented him from meeting the one-year statutory deadline. (*Id.*) Respondent asserts, on the other hand, that the record contradicts Petitioner's assertions that he was unaware of the dismissal of his post-conviction petition. (*See* ECF No. 13-1 at PageID 1694.) Respondent points out that the post-conviction court specifically stated:

> This court has previously sent petitioner copies taken from that court jacket, P-26682, of Judge McLin's order denying that petition and of the envelopes used to mail that decision to the defendant and the Office of the Attorney General in October of 2002, showing that he had notice in 2002 of Judge McLin's dismissal. No appeal was ever taken from Judge McLin's order of dismissal, and no additional petition for post-conviction relief was filed for the next 13 years.

(*Id.*; *see also* ECF No. 12-18 at PageID 1396.)

Petitioner has not shown diligence, where he only sought to pursue federal habeas relief more than 15 years after the statute of limitations expired. And he had not demonstrated extraordinary circumstances out of his control that would warrant equitable tolling. Petitioner has not proved an entitlement to equitable tolling.

## CONCLUSION

Petitioner's § 2254 Petition is time-barred, and he is not entitled to equitable tolling. The Court therefore **GRANTS** Respondent's motion to dismiss the petition. (ECF No. 13.) The Court **DISMISSES WITH PREJUDICE** the § 2254 Petition. This Court enters Judgment for Respondent.

## APPELLATE ISSUES

Petitioner has no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court has to issue or deny a certificate of appealability ("COA") when

6

it enters a final order adverse to a § 2254 petitioner.  Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner may not take an appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2)–(3).  A petitioner makes a "substantial showing" when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same).  Courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

Here, there can be no question that the claims in this petition are barred by the statute of limitations.  Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a COA.

For the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES**, under Fed. R. App. P.

24(a), that any appeal here would not be taken in good faith and **DENIES** leave to appeal *in forma pauperis*.[5]

    **SO ORDERED**, this 20th day of July, 2020.

                                                        s/ Thomas L. Parker
                                                         THOMAS L. PARKER
                                                         UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).